UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VINCENT BOYD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COMMERCE AUTO TOWING INC., SILVERADO RANCH CENTRA,<br><br>　　　　Defendants. | Case No. 2:25-cv-01438-GMN-EJY<br><br>**ORDER<br>AND<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Civil Rights Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP Application is compliant and granted below. Plaintiff's Complaint, however, fails to state a claim over which the federal court properly exercises jurisdiction. For this reason, the Court recommends dismissing Plaintiff's Complaint without prejudice, but without leave to amend in the U.S. District Court for the District of Nevada.

**I.      Screening Standard**

When screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the

1

standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Discussion

Plaintiff's Complaint alleges his car was towed while parked in front of a Care Now Medical Center; he believes the car was wrongfully towed, and he cannot afford to retrieve the vehicle from the towing company. ECF No. 1-1. Plaintiff identifies no cause of action in the pages that follow these factual allegations although he does reference the words "Due Process" in his Complaint. *Id.* at 1, 5-7.

Plaintiff's allegations do not support a cause of action over which this Court may exercise jurisdiction. "Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject-matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

While the words "Due Process" appear in Plaintiff's Complaint, there are no facts alleged supporting a violation of the Constitution. The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law ..." U.S. Const. Amend. XIV, § 1. In this case, Plaintiff did not assert his due process claim under 42 U.S.C. § 1983, which he must.[1] Further, even setting this failure aside, Plaintiff's Complaint alleges a private towing company towed his car while it was parked outside a Care Now Medical Center.[2] Plaintiff alleges nothing that suggest or allows the reasonable inference that there was any "state action" involved in the towing of his vehicle. Indeed, Plaintiff admits he has communicated with the towing company about his car, which he apparently cannot afford to retrieve, and alleges various violations of Nevada law as a result of the facts asserted.

Again, no matter how liberally construed, Plaintiff's allegations do not support the inference or conclusion that there was or could have been action taken under color of state law related to the towing of his vehicle. It appears beyond doubt that non-state actors towed Plaintiff's car while it was parked in a parking lot outside a private business. Under these circumstances, the Court finds Plaintiff can state no claim that would establish a basis for the exercise of federal question jurisdiction.

Plaintiff also does not plead facts demonstrating diversity jurisdiction can be exercised by the Court. Plaintiff's Complaint identifies his residence as Henderson, Nevada. Defendant Commerce Auto Towing is identified as operating in Las Vegas, Nevada. There are no facts alleged regarding the amount in controversy. There are no facts alleged with respect to the defendant identified as Silverado Ranch Contra. Nevertheless, even if Silverado Ranch Contra is presumed to be a citizen of a state other than Nevada, Plaintiff cannot establish complete diversity because

---

[1] To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or statutory law has been violated, and the deprivation was committed by a person acting under color of law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

[2] An August 7, 2025 search for Commerce Auto Towing on SilverFlume Nevada's Business Portal shows it is a Nevada Corporation.

3

1  Commerce Auto Towing is a Nevada corporation.[3]  Thus, Plaintiff has pleaded no facts
2  demonstrating he is a citizen of a different state than each of the defendants.  Given the factual
3  scenario alleged by Plaintiff, the Court finds amendment would be futile.[4]

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) be filed on the docket.

**IV.    Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed without prejudice, but without leave to amend in this Court.  The without prejudice dismissal will allow Plaintiff to proceed in Nevada state court in which jurisdiction for the towing of his vehicle may lie.

Dated this 7th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[3]  *Id*.

[4]  The Court notes Plaintiff filed a companion case regarding events that appear to happen on the same day that his car was towed.  *See* 2:25-cv-01424-APG-EJY.  The Court entered an Order in that case dismissing Plaintiff's Complaint but granting leave to amend.  ECF No. 4.

4